LOUISE D. P. LEE, Appellant, *v.* MARK C. TREDENNICK COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, December 30, 1925.

Contracts — performance or breach — action for loss of rent occasioned by fire in plaintiff's apartment house — fire alleged to have been caused by defendant's failure to build " trimmer arch " underneath fireplace in one of apartments — evidence does not establish absence of trimmer arch caused fire — judgment for defendant error where contract was breached.

In an action for the loss of rents occasioned by a fire in plaintiff's apartment house, which plaintiff claims was caused by defendant's failure to build a " trimmer arch " under the fireplace which he constructed in the apartment wherein the fire started, it was error to award judgment to the defendant where he admitted the breach of contract, notwithstanding the fact that the evidence did not satisfactorily establish that the fire was caused by defendant's failure to properly construct the fireplace.

CHURCHILL, J., dissents, with opinion.

APPEAL, by plaintiff, from a judgment of the Municipal Court, Borough of Manhattan, Fourth District, entered in favor of defendant.

*Joseph Day Lee,* for the appellant.

*Eidlitz & Hulse* [*Harry H. French* of counsel], for the respondent.

PER CURIAM. Although the evidence does not satisfactorily establish that defendant's failure to construct the trimmer arch was the cause of the fire, defendant having concededly breached its contract it was error to award judgment to defendant, carrying as it does the statutory costs.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff for six cents.

Present, BIJUR, LEVY and CHURCHILL, JJ.

CHURCHILL, J. (dissenting): Plaintiff was the owner of a building in the city of New York which had formerly been used as a club house. She employed defendant to alter the building so as to turn it into separate apartments. The work was done and the apartments were rented to several tenants who went into occupation. Early in the morning of February 24, 1923, the tenant of one of the apartments was awakened by the smell of smoke in the apartments. She got up and went to the living room where she found flames coming through the floor in front of the fireplace. A wood fire had been burning in the fireplace the night before. Before going to bed, at about two o'clock in the morning, the tenant had sprinkled water over the ashes in the fireplace " just to be sure the ashes were not hot." There was no screen in front of the fireplace. There was no carpet on the floor and no rug or other furniture near the fireplace. Firemen were called and extinguished the fire but in doing so rendered several apartments untenantable. The tenants moved out and plaintiff lost her rents. The damage to the building and its contents was covered by insurance which plaintiff collected. She sues defendant for her loss of rents alleging that the fire was caused by its failure to build a so-called " trimmer arch " under the fireplace which it undertook to build and did build in the apartment where the fire started. This arch should have been built of brick underneath the hearthstone of the fireplace. It was required both by the express terms of the contract between plaintiff and defendant and by the rules of the building department. The arch, concededly, was not built. Instead, the hearthstone of the fireplace rested directly on the wooden beams of the floor. After the fire those beams were found to be badly charred under the fireplace and one of them was nearly burned through. It was conceded that if the arch had been built, as required by the contract, the fireplace would have been fireproof. An expert testified that fire would frequently result from the absence of the arch and might break out several hours after the fire had been extinguished on the hearth.

At the conclusion of the case the trial court reserved decision. Later he dismissed the complaint and gave judgment for the defendant for $57.85 costs. Our determination is more generous to the plaintiff since we reverse the judgment, give her costs of the appeal and award her six cents as her damages. My own

opinion is that she should recover $748.64, with costs in the court below and costs of the appeal.

Our determination is placed on the ground that the evidence does not satisfactorily establish that the failure to construct the arch was the cause of the fire.

Of course, it was not shown to a demonstration that the fire was caused by the absence of the arch. But facts seldom are established with absolute certainty in a court of justice. We must generally found our judgments on probabilities. (*Carley* v. *Harper,* 166 App. Div. 473, 481.) Like most questions in the law, as in other matters, the question is one of degree. Whether the degree of probability, in any given case, is sufficient to justify a court in pronouncing judgment in favor of the party bearing the burden of proof, is a question which must necessarily be left to the discretion and good sense of the tribunal which finally passes upon that question.

In the present case the occupants of the apartment were asleep when the fire started. It may have been caused in any one of many different ways, the number and variety of its possible causes being limited only by the fertility of the imagination of the judge who has to consider the problem. But, as a practical matter, only two possible causes are suggested or need to be considered. One possibility is that the fire may have started from a spark thrown out by the fire. I suppose we cannot say that it would be physically impossible for a spark from a wood fire, thrown on a bare floor, without carpet, rugs or other furniture near, to set the house on fire. But if not physically impossible, certainly the possibility is very remote. When we add to this the fact that the ashes were sprinkled with water before the tenant retired, the possibility becomes too remote for serious consideration. Against all this we have the perfectly natural explanation afforded by the absence of the fireproofing which the contract and the regulations required. I am of the opinion that upon these facts not only was the trial court authorized to find that the defective work caused the fire, but that it was not at liberty to make any other finding.

The trial court seems also to have been of the opinion that damages were not proved. It seems to me that the loss of rents was the natural and direct result of the fire and, therefore, a proximate result of defendant's failure to perform its contract. The contractor knew that the house was being remodeled into apartments and it must have known that a fire would be likely to result in a loss of tenants for a greater or less length of time. The result was exactly what both parties to the contract must have contemplated if they thought of the matter at all. The purpose of the

Surrogate's Court, Albany County, February, 1926. [Vol. 126

law of damages is to compensate the plaintiff for his injury provided the injury is the proximate result of the breach of contract or the wrong. There are minor rules but they are all subordinate to the general purpose.

The judgment should be reversed, with $30 costs, and judgment should be directed for the plaintiff for $748.64, with costs.